IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JANE DOE, § | | |
| Plaintiff § | | |
| § | | |
| v. § | | CIVIL ACTION NO. 4:15-CV-02847 |
| § | | |
| § | | |
| HARRIS COUNTY HOUSING AUTHORITY; § | | |
| TOM MCCASLAND, individually and in § | | |
| his official capacity as CEO of the Harris § | | |
| County Housing Authority; HORACE § | | |
| ALLISON, individually and in his official § | | |
| capacity as Hearing Officer of the Harris § | | |
| County Housing Authority; DEBRA § | | |
| MCCRAY, individually and in her official § | | |
| capacity as HCV Supervisor of the Harris § | | |
| County Housing Authority; and BEVERLY § | | |
| BURROUGHS, individually and in her official § | | |
| capacity as Director of HCV Programs of the § | | |
| Harris County Housing Authority, § | | |
| Defendants § | | |

**PLAINTIFF'S AMENDED RESPONSE IN OPPOSITION**
**TO DEFENDANTS' MOTI]ON TO DISMISS**

TO THE HONORABLE COURT:

COMES NOW, JANE DOE, Plaintiff herein, to file this Response in Opposition to the Motion to Dismiss filed by Harris County Housing Authority and Horace Allison. Plaintiff would respectfully show the Court as follows:

1. Dismissal for want of subject matter jurisdiction is proper only when it appears certain that the Plaintiff cannot prove any set of facts in support of her claim which would entitle her to relief. *Rodgers v. Garland Housing Agency*, No. CIV.3:01-CV-0477-H, 2001 WL 1029516 at *2 (N.D.Tex. Aug. 21, 2001) (citing *Robinson v. TCI/US West Communications, Inc.*, 117 F.3d 900, 904 (5th Cir.1997)(quoting *Saraw Partnership v. United States*, 67 F.3d 567 (5th Cir.1995)).

In considering such a dismissal, the Court must take the factual allegations contained in Plaintiff's Original Complaint as true. *Rodgers*, 2001 WL 1029516 at *2 (citing *Saraw Partnership*, 67 F.3d at 569).

2. Dismissal for failure to state a claim is not favored by the law. *Rodgers*, 2001 WL 1029516 at *4 (citing *Mahone v. Addicks Util. Dist.*, 836 F.2d 921, 926 (5th Cir.1988)). A plaintiff's complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *Rodgers*, 2001 WL 1029516 at *4 (citing *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir.2000).

### I. Plaintiff's Claims Are Not Moot

3. Defendants reduced Plaintiff's housing assistance in October 2013 and then terminated it completely in May 2014, eliminating Plaintiff's ability to come up with the rent she had agreed to pay under her lease. (Compl. ¶¶ 23, 28). Defendants notified Plaintiff on March 30, 2015 she was being terminated from the Program. (Compl. ¶ 33). Plaintiff's health suffered as a direct result of Defendants' wrongful actions. (Compl. ¶¶ 25, 27, 37). Plaintiff had to hire an attorney to represent her in communications with the Housing Authority. (Compl. ¶¶ 29, 32). Plaintiff has to date not been fully compensated for these harms and expenses and so has a legally cognizable interest in the outcome of this case. (Compl. ¶ 38).

### II. Plaintiff Does Not Lack Standing to Assert Claims Concerning the Amount of Rent or Back-Rent

4. Plaintiff has a lease contract with her mother and is obligated to make sure the full amount of rent is paid each month. (Compl. ¶ 21). Because of the Housing Authority's failure to pay their portion of the rent and their continuing failure to pay all the back rent owed, Plaintiff

incurred increased debt to her mother that is still outstanding.  (Compl. ¶¶ 38, 39).  Plaintiff's increased debt as a result of Defendants' wrongful actions should be considered a particularized, personal injury.

### III.  Plaintiff Has a Cause of Action under the FHA

5. For the proposition that Plaintiff has no cause of action under the FHA, it points to a case, *Rodgers v. Garland Housing Agency*, wherein the plaintiffs were pro se and invoked "no particular statutory or constitutional provisions underlying their claims." *Rodgers*, 2001 WL 1029516 at *2.  The court in that case made it clear that the plaintiffs failed to adequately plead discrimination in their complaint.  *Id.* at *3.

6. Defendants' Motion to Dismiss misrepresents both the facts and Plaintiff's allegations.  Plaintiff's benefits were terminated without any due process or even notice that she was entitled to a hearing.  Though HUD ultimately decided in Plaintiff's favor, the Housing Authority has never fully compensated Plaintiff for the harm and expense she suffered as a result of its wrongful actions.

### IV.  Plaintiff Has Not Received Due Process

7. Defendants' due process elements in their Motion to Dismiss relate to a termination of tenancy and not to a termination of benefits of which Plaintiff complains.  Defendants' primary argument seems to be that if Plaintiff ever received due process, then she cannot complain about the times she did not receive due process.  Obviously, a list of things the Housing Authority did that may have been in accordance with the law does not justify their illegal actions that resulted in harm to Plaintiff.  Defendants' failure to give Plaintiff the opportunity to appeal the reduction and elimination of her housing subsidy was a violation of Plaintiff's constitutional right of procedural

and substantive due process.  For this constitutional violation, 42 U.S.C. § 1983 allows Plaintiff to recover her actual damages.

### V. Plaintiff Has Asserted Violations of HUD Regulations

8. Defendants assertion that Plaintiff does not allege a violation of 24 C.F.R. §5.628 does not in itself prove their conclusion that Plaintiff has therefore asserted no violations of HUD regulations.  The amount Plaintiff was required to pay in rent was substantially higher as a direct result of Defendants' wrongful actions and violations of HUD regulations.  Plaintiff's complaint specifically mentions that HUD issued a formal determination of noncompliance to the Housing Authority for violation of HUD regulations.  (Compl. ¶ 38).

### VI. Plaintiff Has a Cause of Action and Damages for Which Relief May Be Granted

9. Plaintiff is alleging mental anguish, attorney's fees, increased rent debt, and other expenses related to Defendants' discrimination and retaliation, which is still outstanding and for which Plaintiff has to date not been fully compensated.

### VII. Defendants Are Not Immune from Suit and Liability

10. Defendants claim they are entitled to qualified immunity in their individual capacities because their actions were objectively reasonable under clearly established law. Plaintiff's complaint, however, details instances where Defendants' actions were not reasonable, which should be sufficient to survive a motion to dismiss.  In addition, Defendants claim they are immune from compensatory liability even though the case they attach as Exhibit C to their Motion to Dismiss makes it clear that compensatory damages would have been possible against the City of Dallas if the evidence had supported it.  *Miller v. City of Dallas*, No. Civ.A. 3:98-CV-2955-D, 2002 WL 230834 at *15.  In addition, no authority is given for the proposition that Defendants are immune from punitive damages liability in their individual capacity.

11.     Defendants' failure to give Plaintiff the opportunity to appeal the reduction and elimination of her housing subsidy was a violation of Plaintiff's constitutional right of procedural and substantive due process.  For this constitutional violation, 42 U.S.C. § 1983 allows Plaintiff to recover her actual damages.

### VIII.  Plaintiff Should Be Allowed Leave to Amend

12.     In the event that the Court determines there is justification for any of Plaintiff's claims to be dismissed, Plaintiff hereby requests leave to amend her complaint to address any deficiencies therein.

### IX.  Prayer

13.     Accordingly, Plaintiff respectfully prays that the Court deny Defendants' Motion to Dismiss and grant such other and further relief, at law or in equity, to which Plaintiff may be justly entitled.

                      Respectfully submitted,

                      LAW OFFICES OF DAVID J. SADEGH
                      10203 Birchridge Dr., Suite 210
                      Humble, Texas 77338
                      Tel:  832-644-6534
                      Fax: 832-644-6236

By:     */s/ David J. Sadegh*_____
           David J. Sadegh
           State Bar No. 24052822
           So. Dist. No. 1155650
           djsadegh@sadeghlaw.com
           ATTORNEY FOR PLAINTIFF

## Certificate of Service

I hereby certify that on the 26th day of January 2016, a true and correct copy of Plaintiff's Amended Response in Opposition to Defendants' Motion to Dismiss and of this certificate was served to all counsel in accordance with the federal Rules of Civil Procedure on January 26, 2016.

*/s/ David J. Sadegh*_____
David J. Sadegh