United States District Court
Southern District of Texas
**ENTERED**
August 31, 2016
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| TIFFANY BROWN, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-15-2847 |
| | § | |
| HARRIS COUNTY HOUSING | § | |
| AUTHORITY, et al., | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM AND RECOMMENDATION

Pending before the court[1] is Defendants Harris County Housing Authority ("HCHA") and Horace Allison's ("Allison") Supplemental Motion to Dismiss (Doc. 23).[2] The court has considered the motion, the response, all other relevant filings, and the applicable law. For the reasons set forth below, the court **RECOMMENDS** that Defendants HCHA and Allison's motions be **GRANTED** in part and **DENIED** in part.

---

[1] This case was referred to the undersigned magistrate judge pursuant to 28 U.S.C. § 636(b)(1)(A) and (B), the Cost and Delay Reduction Plan under the Civil Justice Reform Act, and Federal Rule of Civil Procedure ("Rule") 72. See Doc. 4, Order Dated Oct. 20, 2015.

[2] Also pending are HCHA and Allison's Motion to Dismiss (Doc. 8) and Defendant HCHA's Motion to Dismiss Pursuant to Rule 10(a) (Doc. 9). The former was fully supplanted by HCHA and Allison's Supplemental Motion to Dismiss, and the latter was rendered moot by Plaintiff's amendment of her complaint. Therefore, the court **RECOMMENDS** that both of those motions be **DENIED AS MOOT.**

## I.    Case Background

Plaintiff filed this civil rights action against HCHA, a local public agency that administers the Section 8 Housing Voucher Program in Harris County; Tom McCasland ("McCasland"), former President and chief executive officer of the HCHA; Allison, a hearing officer for the Section 8 Housing Voucher Program; Debra McCray ("McCray"), the Housing Choice Voucher ("HCV") Supervisor; and, Beverly Burroughs ("Burroughs"), the Director of HCV Programs (collectively "Defendants"), alleging violations of Section 504 of the Rehabilitation Act of 1973 ("Rehabilitation Act"), the Fair Housing Act ("FHA"), and the constitutional guarantees of due process and equal protection, as well as wrongful termination under the Section 8 Housing Voucher Program regulations.[3]

## A.    **Factual Background**

Plaintiff was granted a three-bedroom Section 8 housing voucher through HCHA in 2008.[4]    As an accommodation to Plaintiff's disability, Plaintiff began renting from her mother in 2010, which the HCHA allowed as a reasonable accommodation.[5] At her 2013 recertification, Plaintiff was informed that she no

---

[3]    See Doc. 1, Pl.'s Orig. Compl.; Doc. 20, Pl.'s 1st Am. Compl.

[4]    Doc. 20, Pl.'s 1st Am. Compl. p. 6.

[5]    See id.

longer qualified for a three-bedroom voucher.[6]   Plaintiff filed complaints with HCHA and the U.S. Department of Housing and Urban Development ("HUD").[7]   Ultimately, HCHA decided to reduce Plaintiff's voucher to a two-bedroom voucher and denied her reasonable accommodation requests for: "(1) a three or four bedroom voucher; (2) 110% of the fair market rent; and (3) being able to lease from her mother."[8]

After Plaintiff refused to move voluntarily, mediation was arranged between HCHA and Plaintiff.[9]   McCasland represented HCHA at the mediation and agreed to accept reasonable accommodation documentation from Plaintiff.[10]   In January 2014, HCHA notified Plaintiff that it was terminating the contract with Plaintiff's mother as of the end of February 2014.[11]   In November 2014, HCHA scheduled an informal hearing to discuss Plaintiff's reasonable accommodation requests.[12]   On January 31, 2015, the hearing took place with Allison presiding as hearing officer.[13]   Plaintiff objected to Allison being the hearing officer on the basis that

---

[6]      See id.

[7]      See id.

[8]      Id. pp. 6-7.

[9]      See id. p. 7.

[10]     See id.

[11]     See id.

[12]     See id. p. 8.

[13]     See id.

Allison was a subordinate of McCasland.[14]   HCHA sent Plaintiff and her attorney the Informal Hearing Decision on February 17, 2015.[15]   The letter upheld the prior decision to deny Plaintiff's reasonable accommodation request.[16]

On March 30, 2015, Plaintiff received a notice that her rental assistance was being terminated and that she had the right to appeal the decision.[17]   Plaintiff "requested an informal hearing on the termination and requested all documents related to the termination."[18]   At the hearing, Allison upheld the decision of the HCHA to terminate Plaintiff's housing voucher.[19] On June 10, 2015, HUD "issued a Formal Determination of Noncompliance, notifying [HCHA] of HUD's determination that [HCHA] had violated Section 504 of the Rehabilitation Act of 1973 in its reduction and termination of [Plaintiff's] subsidies."[20]

---

[14]    See id. p. 9.

[15]    See id.

[16]    See id.

[17]    See id. pp. 9-10.

[18]    Id. p. 10.

[19]    See id.

[20]    See id. p. 11.

As of the date of her complaint, Plaintiff claimed, she had not been "fully compensated for the harm she suffered."[21]

**B.    Procedural Background**

On September 30, 2015, Plaintiff filed her Original Complaint against HCHA, McCasland, Allison, McCray, and Burroughs claiming relief under 42 U.S.C. § 1983 for violations of Section 504 of the Rehabilitation Act and Sections 804 and 818 of the FHA, wrongful termination under the Section 8 Housing Voucher Program regulations, and denial of due process and Equal Protection.[22]   Plaintiff sued under the name "Jane Doe."[23]

Defendants HCHA and Allison filed a motion to dismiss on January 5, 2016.[24]   Defendant HCHA then filed a motion to dismiss on January 22, 2016, challenging Plaintiff's right to file an anonymous suit.[25]   In response to the former motion to dismiss, Plaintiff filed a responsive brief and, subsequently, an amended response.[26]

---

[21]    See id.

[22]    See Doc. 20, Pl.'s 1st Am. Compl. pp. 11-15.

[23]    See Doc. 20, Pl.'s 1st Am. Compl.

[24]    See Doc. 8, Defs. HCHA & Allison's Mot. to Dismiss.

[25]    See Doc. 9, Def. HCHA's Mot. to Dismiss Pursuant to Rule 10A.

[26]    See Doc. 13, Pl.'s Resp. in Opp'n to Defs.' Mot. to Dismiss; Doc. 14, Pl.'s Am. Resp. in Opp'n to Defs.' Mot. to Dismiss.

On February 12, 2016, Plaintiff amended her complaint in order to state her name.[27]   A week later, Defendants HCHA and Allison filed a supplemental motion to dismiss that was identical to their first motion except that they also moved to dismiss Plaintiff's claims against McCasland, McCray, and Burroughs on the basis that they were never properly served.[28] On March 11, 2016, Plaintiff filed a response to HCHA and Allison's supplemental motion to dismiss.[29]

## II.  Motion to Dismiss Standard

Federal Rule of Civil Procedure ("Rule") 12(b)(6) allows dismissal of an action whenever the complaint, on its face, fails to state a claim upon which relief can be granted.   When considering a motion to dismiss, the court should construe the allegations in the complaint favorably to the pleader and accept as true all well pleaded facts. Harold H. Huggins Realty, Inc. v. FNC, Inc., 634 F.3d 787, 803 n.44 (5th Cir. 2011) (quoting True v. Robles, 571 F.3d 412, 417 (5th Cir. 2009)).

A complaint need not contain "detailed factual allegations" but must include sufficient facts to indicate the plausibility of the claims asserted, raising the "right to relief above the speculative level." Bell Atl. Corp. v. Twombly, 550 U.S. 544,

---

[27]   See Doc. 20, Pl.'s 1st Am. Compl.

[28]   See Doc. 23, HCHA & Allison's Suppl. Mot. to Dismiss.

[29]   See Doc. 27, Pl.'s Opp'n to Defs.' Suppl. Mot. to Dismiss.

6

555 (2007); see also Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). Plausibility means that the factual content "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. A plaintiff must provide "more than labels and conclusions" or "a formulaic recitation of the elements of a cause of action." Twombly, 550 U.S. at 555. In other words, the factual allegations must allow for an inference of "more than a sheer possibility that a defendant has acted unlawfully." Iqbal, 556 U.S. at 678.

Section 1983 provides a remedy for violations of federal constitutional and statutory rights by individuals acting under color of state law. 42 U.S.C. § 1983. A plaintiff can establish a prima facie case under Section 1983 for the deprivation of civil rights by establishing: (1) a violation of a federal constitutional or statutory right; and (2) that the violation was committed by an individual acting under the color of state law. Doe v. Rains Cty. Indep. Sch. Dist., 66 F.3d 1402, 1406 (5th Cir. 1995).

### III. Analysis

HCHA and Allison present a variety of arguments in favor of dismissal of Plaintiff's claims. The court begins with the issue of service and analyzes each of HCHA and Allison's proposed reasons for dismissal.

7

**A.    Service of McCasland, McCray, and Burroughs**

HCHA and Allison argue that Plaintiff's claims against McCasland, McCray, and Burroughs must be dismissed because Plaintiff did not adequately serve those defendants.  Plaintiff argues that they were properly served.

Federal Rule of Civil Procedure ("Rule") 4(c)(1) requires that a complaint be served with a copy of the summons.  At the time of the filing of this lawsuit, Rule 4(m) required that complaints be served within 120 days of the filing of the complaint.[30]  It is the plaintiff's responsibility to ensure that the summons and complaint are served within the time allowed. Fed. R. Civ. P. 4(c)(1).  A plaintiff must provide the necessary copies to the process server.  Fed. R. Civ. P. 4(c)(1).

Plaintiff submitted a proof of service form and a summons for each of the three defendants that indicate each was served the summons by a process server.[31]  However, Plaintiff produced no evidence that a complaint was attached to each summons.  HCHA and Allison submitted an affidavit for each of the three

---

[30]    As of December 1, 2015, Rule 4(m) was amended to require service within ninety days.  See Fed. R. Civ. P. Rule 4(m).

[31]    See Doc. 27-1, Ex. A to Pl.'s Opp'n to Defs.' Suppl. Mot. to Dismiss, Proof of Serv. & Summons to Burroughs; Doc. 27-2, Ex. B to Pl.'s Opp'n to Defs.' Suppl. Mot. to Dismiss, Proof of Serv. & Summons to McCray; Doc. 27-3, Ex. C to Pl.'s Opp'n to Defs.' Mot. to Dismiss, Proof of Serv. & Summons to McCasland.

defendants attesting to the fact that no complaint was attached to the summons when served.[32]

As Plaintiff bears the responsibility of making sure that a copy of the complaint is served with each summons issued and cannot show that she met that requirement, the court finds that McCasland, McCray, and Burroughs were not properly served. As Plaintiff filed the case on September 30, 2015, the deadline for service under the former version of Rule 4(m) was January 28, 2016. Although each of the three defendants received the summons on January 26, 2016, service was deficient. Now, it has been many months since the expiration of the allotted time for service, and Plaintiff, aware of the allegations of service deficiency via this motion, did not attempt to properly serve these three defendants.

Therefore, McCasland, McCray, and Burroughs should be dismissed from this lawsuit.[33]

## B.   __Standing to Sue__

HCHA and Allison argue that Plaintiff lacks standing to assert claims based on the amount of rent or back rent owed to

---

[32]   See Doc. 23-1, Ex. 1 to HCHA & Allison's Supp. Mot. to Dismiss, McCasland's Aff.; Doc. 23-2, Ex. 2 to HCHA & Allison's Supp. Mot. to Dismiss, McCray's Aff.; Doc. 23-3, Ex. 3 to HCHA & Allison's Supp. Mot. to Dismiss, Burroughs Aff.

[33]   Because the court is recommending that McCasland, McCray, and Burroughs be dismissed on the basis of improper service, the court does not reach Defendant HCHA and Allison's argument that those individuals are entitled to qualified immunity.

Plaintiff's landlord, in this case, Plaintiff's mother. Standing to assert that claim, HCHA and Allison contend, belongs only to Plaintiff's mother. Plaintiff counters that she has standing due to the debt she incurred from HCHA's decision to decrease and, ultimately, terminate Plaintiff's housing voucher.

To have standing a plaintiff must demonstrate: "(1) an injury in fact; (2) that is traceable to the defendant's challenged conduct; and (3) that is likely to be redressed by a favorable decision of the district court." McCall v. Dretke, 390 F.3d 358, 361 (5th Cir. 2004)(citing Lujan v. Defenders of Wildlife, 504 U.S. 555, 560-61 (1992)). Furthermore, as Plaintiff has alleged here, "economic injury is a quintessential injury upon which to base standing." Tex. Democratic Party v. Benkiser, 459 F.3d 582, 586 (5th Cir. 2006) (citing Barlow v. Collins, 397 U.S. 159, 163-64 (1970)). Noting that Congress's undeniable intent was to provide "meaningful housing assistance benefits to individual families participating in the voucher program," the Fifth Circuit has stated that it is of no consequence that a voucher is made payable to a landlord because the payment is clearly meant to benefit the tenant. Johnson v. Hous. Author. of Jefferson Parish, 442 F.3d 356, 363 (5th Cir. 2006)(addressing utility payments). "[I]t would be absurd to treat the voucher program as a landlords' relief act." Id.

At the pleading stage of the lawsuit, Plaintiff must only allege facts that can give rise to the inference of economic loss that is attributable to the defendants. Therefore, Plaintiff has standing to sue for the expenses she incurred as a result of HCHA's decision.

## C.   Mootness

HCHA and Allison argue that Plaintiff's claims are moot because she ultimately won at the administrative hearing level and continued to participate in the HCV Program without termination. Plaintiff responds that she suffered harm as a result of HCHA's reduction of housing assistance in October 2013, termination in May 2014, and notice of termination in March 2015.

The mootness doctrine applies to eliminate a claim only "when a case or controversy no longer exists between the parties." Brinsdon v. McAllen Indep. Sch. Dist., No. 15-40160, 2016 WL 4204797, at *3 (5th Cir. Aug. 9, 2016)(slip copy)(citing Bd. of Sch. Comm'rs v. Jacobs, 420 U.S. 128, 129 (1975)). The doctrine does not bar a claim for damages. Id.

Here, Plaintiff seeks economic damages for the alleged violations of federal law. The argument that everything worked out in the end does not make the controversy moot.

11

D.    **FHA and Rehabilitation Act**

Defendants HCHA and Allison contend that Plaintiff does not have a private right of action under the FHA, citing Rodgers v. Garland Housing Agency, No. Civ. 3:01-CV-0477-H, 2001 WL 1029516, at *3 (N.D. Tex. Aug. 21, 2001).  They also contend that she did not allege a cause of action or damages under the FHA or Rehabilitation Act.  Plaintiff distinguishes the facts of the Rodgers case from her allegations and argues that the termination of her benefits resulted in increased rent expenses, debt, and mental anguish.

In Rodgers, pro se plaintiffs sued a local public housing agency for "tort and due process injuries" but cited "no particular statutory or constitutional provisions." Id. at **2, 3.  The court held, as have many others, that no private right of action exists pursuant to Section 8 of the Housing Act of 1937, which authorizes the Secretary of HUD to provide housing assistance payments through local agencies pursuant to contracts with property owners.  See id. (citing cases); 42 U.S.C. § 1437f; Modica v. Reyna, No. 1:08-CV-871, 2009 WL 2827975, at *9 (E.D. Tex. Sept. 2, 2009).  The FHA, on the other hand, explicitly affords an aggrieved person a private right of action for discriminatory housing practices.  See 45 U.S.C. § 3613; Lincoln v. Case, 340 F.3d 283, 289 (5th Cir. 2003). Additionally, the regulations applicable to HUD assistance

programs give effect to Section 504 of the Rehabilitation Act to
prevent the exclusion from participation, the denial of
benefits, or the subjection to discrimination under any program
funded in any part by HUD. 24 C.F.R. § 8.1.

Here, Plaintiff alleged that Defendants violated the
Rehabilitation Act by denying her the reasonable accommodation
for her disabilities that previously had been granted and by
failing to follow HUD instructions related to the reasonable
accommodation. She further alleged that they violated the Fair
Housing Act by unlawfully retaliating against her because
Plaintiff filed a housing discrimination complaint. Defendants
HCHA and Allison fail to explain why Plaintiff's FHA claim does
not fit within the statute's explicit grant of a private right
of action. Plaintiff's allegations not only state claims of
discrimination and retaliation but also state the harm she
suffered.

Thus, dismissal of the FHA or Rehabilitation Act claim on
the above grounds is not appropriate.

**E.   HUD Regulations**

Defendants HCHA and Allison assert that Plaintiff failed to
allege facts that amount to a violation of 24 C.F.R. § 5.628,
which explains the calculation of the total tenant payment.
Plaintiff counters that the assertion that she did not allege a
violation of that particular regulation does not equate to the

13

failure to allege a violation of any HUD regulation and that she specifically mentioned the HUD's formal determination of noncompliance, which cited the violation of HUD regulations. In her complaint, Plaintiff alleged that Defendants violated 24 C.F.R. § 982.555, which requires that the local public housing agency give a participant an informal hearing, by failing to give her an opportunity to appeal the decisions to reduce and terminate her housing subsidy.

For the reasons discussed in the previous section, the court finds that Plaintiff cannot assert a private right of action for the violation of any HUD regulation. See Modica, 2009 WL 2827975, at *9; Rodgers, 2001 WL 1029516, at *3. To the extent that Plaintiff's allegations in this section raise a due process claim, they are addressed in the next section.

**F.   Due Process**

Defendant argues that Plaintiff received due process. Plaintiff disagrees, contending that she did not receive due process with regard to the termination of tenancy as opposed to the termination of benefits.

The Due Process Clause encompasses both procedural and substantive rights.[34] Cty. of Sacramento v. Lewis, 523 U.S. 833, 840 (1998). The constitutional guarantee of procedural due

---

[34]    Although Plaintiff mentioned substantive due process in her brief, she did not plead a substantive due process claim.

14

process includes, at a minimum, notice and an opportunity to be heard in a meaningful time and manner. <u>Gibson v. Tex. Dept. of Ins.-Div. of Workers' Compensation</u>, 700 F.3d 227, 239 (5th Cir. 2012) (quoting <u>Fuentes v. Shevin</u>, 407 U.S. 67, 80 (1972)).

In fact, Plaintiff was given the opportunity to appeal HCHA's decision to reject Plaintiff's reasonable accommodation requests.   Plaintiff ultimately received the relief she requested.  Plaintiff's due process claim should be dismissed.

## G.   **Equal Protection Violation**

Defendant did not specifically challenge Plaintiff's equal protection claim.   Plaintiff pled an equal protection claim in perfect tandem with the due process claim.   She alleged that Defendants' arbitrary reduction and termination of subsidy, failure to allow for an appeal, and utilization of a partial hearing officer amounted to violations of both constitutional rights.

In order to state a claim under the Equal Protection Clause, a plaintiff first must allege "that two or more classifications of similarly situated persons were treated differently" by a state actor. <u>Gallegos-Hernandez v. United States</u>, 688 F.3d 190, 195 (5th Cir. 2012). If successful, the court determines the appropriate level of scrutiny for the classification made. <u>Id.</u>

Plaintiff did not identify the classification at issue or allege that she was treated differently from any non-protected group. The court finds that Plaintiff failed to allege an equal protection claim separate from her due process allegations.[35]

### IV. Conclusion

Based on the foregoing, the court **RECOMMENDS** that Defendants' Motion to Dismiss be **GRANTED** in part and **DENIED** in part. Because the court finds that no amendment of Plaintiff's complaint could change the court's above recommendations, the court **DENIES** Plaintiff's conditional request for leave to amend. If adopted Plaintiff's remaining claims are those alleging discrimination and retaliation under the FHA and Rehabilitation Act against HCHA and Allison.

The Clerk shall send copies of this Memorandum and Recommendation to the respective parties who have fourteen days from the receipt thereof to file written objections thereto pursuant to Federal Rule of Civil Procedure 72(b) and General Order 2002-13. Failure to file written objections within the time period mentioned shall bar an aggrieved party from attacking the factual findings and legal conclusions on appeal.

The original of any written objections shall be filed with the United States District Clerk electronically. Copies of such

---

[35] Because the court is recommending that the constitutional claims be dismissed for failure to state a claim, the court does not reach Defendant HCHA and Allison's argument that Allison is entitled to qualified immunity.

objections shall be mailed to opposing parties and to the chambers of the undersigned, 515 Rusk, Suite 7019, Houston, Texas 77002.

**SIGNED** in Houston, Texas, this 31 day of August, 2016.

NANCY K. JOHNSON
UNITED STATES MAGISTRATE JUDGE