UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| TIFFANY BROWN, | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | CIVIL ACTION H-15-2847 |
| | § | |
| HARRIS COUNTY HOUSING AUTHORITY, | § | |
| TOM MCCASLAND, HORACE ALLISON, | § | |
| DEBRA MCCRAY AND BEVERLY BURROUGHS, | § | |
| | § | |
| *Defendants*. | § | |

### MEMORANDUM OPINION AND ORDER

Pending before the court is a memorandum and recommendation ("M&R") filed by Magistrate Judge Nancy Johnson. Dkt. 95. The M&R recommends granting defendants Harris County Housing Authority ("HCHA") and Horace Allison's (collectively, "Defendants") amended motion for summary judgment (Dkt. 74). *Id.* Plaintiff Tiffany Brown objected. Dkt. 96. Defendants responded. Dkt. 97. Having reviewed the M&R, the objections, the response, the record, and the applicable law, the court is of the opinion that the objections should be OVERRULED and the M&R should be ADOPTED IN FULL.

### I. BACKGROUND

In this housing voucher case, Brown sued Defendants for violations of the Fair Housing Act ("FHA"), the Rehabilitation Act, and 42 U.S.C. § 1983. Dkt. 1 at 1–2, 11–13. Since 2008, Brown has participated in HCHA's Housing Choice Voucher ("HCV") program to subsidize the cost of housing herself and her children. Dkt. 1 at 6. At first, HCHA gave Brown a two-bedroom voucher. *Id.* Then, HCHA granted Brown's request for a three-bedroom voucher to accommodate her sons' disabilities. Dkts. 76-1 at 1, 76-3 at 1–2, 76-4. HCHA told Brown that it would need to recertify

that accommodation annually. Dkt. 76-4. Later, it granted two other accommodations, allowing Brown to: (1) rent from her mother; (2) at 110 percent of fair market value. Dkt. 76-8 at 1.

In August 2013, Brown met with HCHA employee Sherika Mayweather during the recertification process. Dkts. 76-10, 77-1. Mayweather was "disrespectful" and "mocked" Brown's disabilities and her children's disabilities. *Id.* Mayweather told Brown that HCHA would reduce her voucher from three to two bedrooms. *Id.* She also told Brown that HCHA would cut off all housing assistance if Brown did not accept the reduced voucher. *Id.* After, Brown complained to HCHA. Dkt. 76-36. She also filed a disability and gender discrimination complaint with the Department of Housing and Urban Development ("HUD"). Dkt. 76-11.

In September 2013, HCHA denied Brown's previously requested accommodations. Dkt. 76-12. HCHA told Brown that it needed proof that: (1) her sons were disabled under federal or state law; (2) based on those disabilities, her sons needed an extra bedroom; and (3) her requests were reasonable. *Id.*

In November 2013, Fatimah Escobar, a licensed professional counselor and Brown's medical expert, informed HCHA that she was treating Brown for anxiety, depression, and a panic disorder. Dkts. 77-2, 77-3. In January 2014, HCHA told Brown that Escobar did not provide the requested information. Dkt. 76-13. It also told Brown that she needed to terminate her lease to continue receiving housing assistance. *Id.*

In October 2014, HUD found that HCHA did not discriminate against Brown. Dkt. 76-4. Brown appealed. Dkt. 76-20. After, Brown asked HCHA for an informal hearing. Dkt. 76-15. There, HCHA denied Brown's request to rent from her mother because she did not connect her disability to that accommodation request. Dkt. 76-16. But, HCHA told her she might still qualify for a three-bedroom voucher at 110 percent of fair market value. *Id.* In April 2015, HCHA upheld

its decision to terminate Brown's voucher because she did not attend an appointment or comply with HCHA's requirements. DKT. 76-1, 76-20.

In June 2015, HUD reversed its earlier decision, determining that HCHA needed to give Brown the requested accommodations. Dkt. 76-20. Through discovery, HCHA learned that Brown did not report all of her income as required by its HCV program. Dkts. 77-1, 77-4. Brown continues to receive vouchers and uses that assistance to rent a home from her mother. Dkt. 77-1.

HCHA moved for summary judgment on grounds that: (1) Brown lacks standing; (2) Brown cannot make a prima facie case of discrimination; (3) HCHA did not retaliate against Brown; and that (4) Brown cannot show damages. Dkt. 76 at 10,19. The M&R recommended granting HCHA's motion. Dkt. 95 at 1. Now, Brown asks the court to reject the M&R and deny Defendants' motion. Dkt. 96 at 7.

## II. LEGAL STANDARD

### A. Magistrate Judge

For dispositive matters, the court "determine[s] de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3). "The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." *Id.*

### B. Motion for Summary Judgment

A court shall grant summary judgment if a "movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed R. Civ. P. 56(a). "[A] fact is genuinely in dispute only if a reasonable jury could return a verdict for the nonmoving party." *Fordoche, Inc. v. Texaco, Inc.*, 463 F.3d 388, 392 (5th Cir. 2006). The moving party bears the initial burden on demonstrating the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S. Ct. 2548, 2552 (1986). If the moving party

3

meets its burden, the burden shifts to the non-moving party to set forth specific facts showing a genuine issue for trial. Fed R. Civ. P. 56(e). The court must view the evidence in the light most favorable to the non-movant and draw all justifiable inferences in favor of the non-movant. *Envtl. Conservation Org. v. City of Dallas*, 529 F.3d 519, 524 (5th Cir. 2008).

### III. OBJECTIONS

Brown filed four objections. Dkt. 96. First, Brown objects to what she construes as the use of acquired evidence to evaluate her discrimination claims. *Id.* at 1. Second, Brown objects to "the Court's finding that HCHA was entitled to review an accommodation after it had been granted, specifically the accommodation allowing [Brown] to rent from her mother." *Id.* at 2. Third, Brown "objects to the Court's finding that [her] disability claims under the FHA and Rehabilitation Act must fail." *Id.* at 3. And fourth, Brown "objects to the Court's finding that HCHA has articulated legitimate, non-discriminatory reasons for denying [her] requested accommodation and terminating her voucher for non-compliance with HCHA's requirements." *Id.* at 5.

*1. After-acquired evidence*

Although HCHA provided other reasons for terminating Brown's housing assistance, it also argued that after-acquired evidence authorized its decision. Dkt. 67 at 49; *see infra* Section III(4). In particular, HCHA argued that during discovery, it learned that Brown "purposefully underreport[ed] her income" which it deemed as fraudulent conduct justifying its decision. Dkt. 67 at 49. The M&R squarely rejected that argument. Dkt. 95 at 22 ("[T]he after-acquired evidence does not preclude [Brown] from bringing discrimination claims under the FHA and Rehabilitation Act . . . ."). Nevertheless, Brown "objects to the Court's finding that she committed any fraudulent conduct or that she is ineligible for housing assistance." Dkt. 96 at 1. The M&R did not make either

4

of those findings. *See* Dkt. 95 at 19–22. Thus Brown's first objection is irrelevant and it is OVERRULED.

    2.    *HCHA's authority to review accommodations*

Next, Brown challenges the M&R's determination that HCHA could review accommodations after granting them. Dkt. 96 at 2. Brown argues that for housing assistance, 24 C.F.R. § 982.306(d)'s "prohibition on renting from a family member" does not apply "if the public housing authority [("PHA")] determines that approving the unit would provide reasonable accommodations for a family member who is a person with disabilities."[1] *Id.* at 3. Further, Brown argues that "the exception applies to [her] situation" because "after the family initially received tenant-based assistance for [her] mother's house, the restriction no longer applied . . . and the question of her continuing eligibility for disability-related accommodations became moot." *Id.*

The M&R concluded that the cited regulation "does not prevent HCHA from recertifying [Brown's] continued eligibility for disability-related accommodations." Dkt. 95 at 25; *see also id.* at 24 ("[n]otably, this regulation does not state that HCHA may never review a . . . requested accommodation."). HCHA's plan requires a nexus "between the disability and the requested accommodation." *Id.* at 24. It also requires participants with non-readily apparent disabilities to provide evidence of those disabilities. *Id.* The M&R also pointed to HCHA's determination that

---

[1]That regulation provides:
> The PHA must not prove a unit if the owner is the parent . . . of any member of the family, unless the PHA determines that approving the unit would provide reasonable accommodation for a family member who is a person with disabilities. This restriction . . . only applies at the time a family initially receives tenant-based assistance . . . but does not apply to PHA approval of a new tenancy with continued tenant-based assistance in the same unit.

24 C.F.R. § 982.306(d).

5

"no evidence in [Brown's] file support[ed] the accommodations she had previously requested." *Id.* For those reasons, the M&R determined that it was reasonable for HCHA to ask Brown for information supporting her request for accommodations. *Id.*

Brown's objection mischaracterizes the issue. Specifically, Brown conflates recertification for disability-related accommodations and past approval to rent from a family member. Brown argues that once the latter occurred, HCHA lost authority to do the former. *See* Dkt. 96 at 3. Beyond citing to the regulation, Brown provided no authority to support that contention. *See id.* Yet, nothing in the regulation strips HCHA of its recertification authority. Additionally, even if the court agreed with Brown's interpretation, HCHA would still have authority to recertify accommodations for the three-bedroom voucher and the above-fair-market rental rate. *Compare* 24 C.F.R. § 982.306(d), *with* Dkt. 76-1 at 1 (three-bedroom voucher), *and* Dkt. 76-3 at 1–2 (renting at 110% the fair market rate), *and* Dkt. 76-8 (renting from mother). For these reasons, Brown's objection is OVERRULED.

### 3. *Disability discrimination*

Brown's third objection challenges several parts of the M&R's disability discrimination analysis. *See* Dkt. 96 at 3. She objects to the M&R's determination that she "cannot raise a fact issue demonstrating that she was either disabled or that renting from her mother was a reasonable accommodation for that disability." *Id.* Brown contends that Defendants "do not claim . . . that [she] cannot raise a fact issue that she is disabled . . . [rather] they assume without conceding that she is disabled." *Id.*

In addition, Brown challenges the M&R's accuracy: (1) for "incorrectly stat[ing] that the recertification in 2013 was the first time [Brown] claimed she was disabled"[2] and (2) that Escobar "filled out a form stating that [Brown] has a physical or mental impairment" under the FHA and the Rehabilitation Act even though "the Court assert[ed] that Escobar stated that Brown was not a person with physical or mental impairments as defined by the HUD, the FHA, or the Rehabilitation Act." *Id.* at 3–4.

Brown also questions the court's logic for concluding "that because Escobar did not testify that [Brown] *had* to rent from her mother, renting from her mother could not be a reasonable accommodation for [Brown's] disabilities." *Id.* at 4 (emphasis in original). Brown also argues that Escobar "provided documentation to HCHA that [she] is disabled" and that HCHA does not contest her disability. *Id.* at 5. Finally, Brown argues that because the family-rental bar no longer applied to her, "there was no need to further prove a nexus between [her] disabilities and the reasonable accommodation of renting from her mother." *Id.* at 5.

By analyzing evidence from Escobar—namely, her initial assessment, a letter, and her testimony—the M&R determined that no fact issue existed on either the disability or reasonable accommodation prongs of Brown's discrimination claims.[3] Dkt. 95 at 25–27. Although the court disagrees with the disability prong analysis, the court agrees that no fact issue exists on the

---

[2]Although Brown asserts her disability began before 2013, she fails to identify when she first claimed to be disabled. Regardless, that fact did not control the M&R's analysis. It does not control the outcome here, either.

[3]Courts analyze the reasonable accommodation prongs of FHA and Rehabilitation Act claims together. *See Oxford House, Inc. v. Browning*, 266 F. Supp. 3d 896, 907 (M.D. La. 2017) (collecting cases).

reasonable accommodation prong. Without the latter, Brown's disability discrimination claims must fail.[4]

The M&R concluded that no fact issue existed on the reasonable accommodation prong. Dkt. 95 at 26. The M&R noted that Escobar's letter did not mention Brown's need to rent from her mother. *Id.* (citing Dkt. 77-3). And, the M&R concluded that, based on Escobar's testimony, Brown did not need to live in a home owned by her mother. *Id.* (citing Dkt. 77-5). Brown does not cite any evidence or authority to the contrary. Dkt. 96 at 4. Instead, she questions the court's logic. *Id.* Viewed in the light most favorable to Brown, Escobar's summary, letter, and testimony fall short of raising fact issue on the reasonable accommodation prong. *See Elderhaven, Inc. v. City of Lubbock*, 98 F.3d 175, 177 (5th Cir. 1996) (corporation failed to raise fact issue on whether city ordinance failed to reasonably accommodate disabled persons). Because Brown cannot raise a fact issue on this prong, her prima facie case fails, and so must her discrimination claims. Accordingly, the court OVERRULES the objection.

*4. Retaliation*

Brown challenges the M&R's determination that her retaliation claim fails because HCHA articulated a legitimate, non-discriminatory reason for denying her accommodation requests. Dkt. 96

---

[4]On the disability prong, the M&R examined Escobar's initial assessment summary and letter explained that Brown suffered from anxiety and panic disorders. Dkt. 95 at 26 (citing Dkts. 77-2, 77-3). According to the M&R, Escobar testified "that [Brown] was not disabled as that term was defined by the Social Security Administration and that she was not a person with physical or mental impairments as defined by HUD, the FHA, or the Rehabilitation Act." *Id.* at 26–27 (citing Dkt. 77-5 at 16). The court agrees with that determination except for the FHA and the Rehabilitation Act:
> Q: The only box that was – that you checked was that Ms. Brown has a physical or mental impairment defined by the Fair Housing Amendments Act and Section 504 of the Rehabilitation Act, correct?
> A: Correct.

*Compare* Dkt. 77-5 at 16 (discussing FHA and Rehabilitation Act), *with id.* (discussing HUD regulations, Social Security Act, and Developmental Disabilities Assistance and Bill of Rights Act).

at 7. After determining that Brown met her prima facie case, the M&R explained that HCHA articulated a legitimate, non-discriminatory reason because it "repeatedly and unsuccessfully sought information from [Brown] connecting her disability to the requested accommodation of renting from her mother." Dkt. 95 at 30. Ultimately, however, she could not recover because she "fail[ed] to point to any retaliatory action or statement by an HCHA employee that would raise a fact issue that [she] was retaliated against *because* she filed a complaint of discrimination." *Id.* at 31–32. (emphasis added). Further, the M&R concluded that Brown's complaints about the August 2013 recertification meeting did not count as evidence of retaliation because "th[o]se actions pre-dated the filing of her complaint of discrimination." Dkt. 95 at 32. Brown's objection fails to point to evidence that could raise a fact issue on pretext (i.e., that Defendants' real motive was retaliation). *See* Dkt. 96 at 6. Accordingly, the court agrees with the M&R. Thus, this objection is OVERRULED.

### IV. Conclusion

Brown's objections (Dkt. 96) are OVERRULED. The M&R (Dkt. 95) is ADOPTED IN FULL. Thus, Defendants' motion for summary judgment (Dkt. 74) is GRANTED and Brown's claims (Dkt. 1) are DISMISSED WITH PREJUDICE. The court will enter a final judgment consistent with this order.

Signed at Houston, Texas on March 12, 2018.

_____
Gray H. Miller
United States District Judge

9